NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.M. RUSSO, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ALFIO S. LANUTO, and <br> DOMENICA LANUTO, <br><br> Defendants. | Civil Action No.: 12-cv-4169 (CCC) <br><br> OPINION |

**CECCHI**, **District Judge.**

This matter comes before the Court on the motion of Plaintiff T.M. Russo, L.P. ("Plaintiff") to remand this action to state court. (Docket No. 2). On August 20, 2012, Magistrate Judge Joseph A. Dickson issued a Report and Recommendation granting Plaintiff's motion to remand. (Docket No. 11.) On September 4, 2012, Defendants filed an objection to Judge Dickson's Report and Recommendation. (Docket No. 14.) On September 6, 2012, Plaintiff responded to Defendant's objection. (Docket No. 15.) The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Dickson's August 20, 2012 Report and Recommendation and grants Plaintiff's motion to remand.

## I. Factual and Procedural History

This action stems from a summary dispossess action filed by Plaintiff against Alfio and Domenica Lanuto (collectively, "Defendants") in state court. Plaintiff, the owner of property located in Ridgewood, New Jersey, leased the premises to Defendants in December 2011. On

June 6, 2012, Plaintiff filed a summary dispossess action against Defendants in the Superior Court of New Jersey, Law Division, Special Civil Part – Landlord Tenant, County of Bergen, based on Defendants' failure to pay rent. Following a trial, the state court entered judgment of possession in favor of Plaintiff and denied Defendants' application for a stay pending their appeal. On July 3, 2012, the Superior Court of New Jersey, Appellate Division denied Defendants' application for an emergency stay, and on the same day, the New Jersey Supreme Court also denied Defendants' application.

On July 6, 2012, Defendants removed the matter to this Court on the basis of federal question jurisdiction. Subsequently, on July 12, 2012, Plaintiff filed a motion to remand. By way of Report and Recommendation dated August 20, 2012, Magistrate Judge Dickson recommended that this Court grant Plaintiff's motion. On September 4, 2012, Defendants filed an objection, and on September 6, 2012, Plaintiff replied.

## II. Legal Standard

When a magistrate judge addresses motions that are considered "dispositive," such as a motion to remand, a magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order adopting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987). With respect to dispositive motions, the district court must make a *de novo* determination of those

2

portions of the magistrate judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

### III. Discussion

#### A. Federal Question Jurisdiction

Magistrate Judge Dickson recommended that this Court grant Plaintiff's motion to remand based on his finding that the action lacks federal question jurisdiction.[1] Specifically, Judge Dickson found that Plaintiff's Complaint does not allege any federal claim. (Rep. & Rec. 5.) Instead, the Complaint involves only a landlord-tenant dispute, a purely state law issue. (*Id.*) Judge Dickson therefore concluded that Plaintiff's allegations did "not depend on resolution of federal law, but rather resolution of state tenancy laws." (*Id.*)

Defendants argue that the Fair Debt Collection Practices Act ("FDCPA") preempts state summary dispossess actions and thereby affords federal question jurisdiction. (Defs.' Opp. to Mot. 2; *see also* Defs.' Opp. to R&R 2) ("Defendants actually removed on the legal premises that the express provisions and background of the preemptive FDCPA preclude the legal cognizability [sic] of Plaintiff's Complaint, upon which no relief could be granted by the State Court, properly invoking Federal question jurisdiction under both the complete preemptive and the imbedded federal question jurisdiction for the determination thereof.") Defendants mainly

---

[1] "Under Section 1441, an action may be removed from any state court only when the federal court would have had original jurisdiction over the matter." *Agyabeng v. Kmart Corp.*, No. 09-cv-730, 2009 WL 2151904, at *1 (D.N.J. July 14, 2009). 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In addition, the Third Circuit has explained that although a complaint need not invoke federal law, "the merits of the litigation [must] turn on a substantial federal issue that is an element, and an essential one, of the plaintiff's cause of action," and that "federal law must be in the forefront of the case and not collateral, peripheral, or remote." *United States Ex. Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (citations omitted).

rely on *Hodges v. Sasil Corporation*, 189 N.J. 210 (2007) and New Jersey Court Rule 6:3-4 in support of their argument. Based on a *de novo* review of the relevant law and facts, the Court finds Defendants' position to be without merit.

In *Hodges*, the plaintiffs were regularly in arrears on rent, and thus had accrued late charges, attorneys' fees, and court costs under their leases. *Id.* at 215-16. The landlords' attorneys filed actions seeking the plaintiffs' eviction or, alternatively, payment of all rent, late charges, attorneys' fees, and miscellaneous fees, which the attorneys collectively labeled as "rent." *Id.* Plaintiffs then commenced an action against the landlords, alleging that by labeling the late charges and legal fees as "rent," and by seeking to collect those fees via summary dispossess actions, the landlords violated, *inter alia*, the FDCPA. *Id.* at 219-20. The Court held that a lawyer or law firm that "*regularly* files summary dispossess actions for nonpayment of rent is a debt collector subject to the FDCPA." *Id.* at 228 (emphasis added). The Court reiterated that "[f]or such law firms or attorneys to be subject to the FDCPA's provisions, they must 'regularly' engage in summary dispossess actions." *Id.* Because the dispute was decided at the summary judgment stage, the Court found the record incomplete concerning the regularity of the attorneys' participation in summary dispossess actions. *Id.* at 229. As such, the Court remanded for a determination of that question. *Id.*

The Court in *Hodges* also referred the matter to the Special Civil Part Practice Committee (the "Committee") in order for the Committee to evaluate summary dispossess proceedings. *Id.* at 232. In doing so, the Court directed the Committee to draft proposed rules to harmonize the FDCPA with the State's summary dispossess process. *Id.* Subsequently, New Jersey Court Rule 6:3-4(c) was adopted, which provides that:

4

> Complaints in summary actions for possession of residential premises based on non-payment of rent must be verified in accordance with R. 1:4-7, must expressly state the owner's identity, the relationship of the plaintiff to the owner, the amount of rent owed as of the date of the complaint and that if this amount and any other rent that comes due is paid to the landlord or the clerk at any time before the trial date, or before 4:30 p.m. on the day of trial, the case will be dismissed. The amount of rent owed for purposes of the dispossess action can include only the amount that the tenant is required to pay by federal, state or local law and the lease executed by the parties.

Based on this background, the Court finds *Hodges* inapposite to the present case. Unlike the plaintiffs in *Hodges*, Defendants here have not asserted a claim under the FDCPA.[2] In addition, Defendants have not indicated that Plaintiff "regularly" engages in summary disposition proceedings. Notably, Defendants do not cite to any case law or statute indicating that the FDCPA preempts *all* summary disposition actions, regardless of the nature of the action. In fact, such a finding would be at odds with this Court's own narrow interpretation of *Hodges*. *See Crenshaw v. Computex Info. Servs.*, No. 10-1493, 2011 U.S. Dist. LEXIS 46309, at *12 (D.N.J. Apr. 29, 2011) (finding the defendants subject to the FDCPA based on declarations showing that they "regularly file[d] summary dispossession or eviction actions"); *Ogbin v. Fein, Such, Kahn & Shepard, PC*, No. 08-cv-4138, 2009 U.S. Dist. LEXIS 46954, at *6 (D.N.J. May 29, 2009) (explaining that "*Hodges* sets forth the *narrow* holding that the FDCPA applies to attorneys acting as debt collectors") (emphasis added).

Further, the root of Defendants' claim is that Plaintiff violated New Jersey Court Rule 6:3-4(c). (*See* Defs.' Opp. to Mot. 3) (arguing that Plaintiff's demand for $2,500.00 in attorney fees as "additional rent" violates the lease agreement and Rule 6:3-4(c).) The determination of

---

[2] Even if Defendants had properly asserted a counterclaim under the FDCPA, federal question jurisdiction would not exist because a counterclaim "cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (U.S. 2002).

whether such violation occurred falls squarely within the jurisdiction of state – not federal – court, and Defendants cite to no authority to the contrary. As such, the Court agrees with Magistrate Judge Dickson's Report and Recommendation and grants Plaintiff's motion to remand.

### B. Attorney Fees

Judge Dickson also denied Plaintiff's request for Rule 11 sanctions in the form of costs and attorney fees. In doing so, Judge Dickson determined that Plaintiff did not properly set forth its grounds for requesting such relief, thereby preventing Defendants from an adequate opportunity to respond. (Rep. & Rec. 9-10.) Nor did Plaintiff follow Rule 11's procedural requirements. (*Id.*) Judge Dickson was also disinclined to award, *sua sponte*, costs and attorney fees pursuant to 28 U.S.C. § 1447(c) (providing that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). The Court agrees, and denies Plaintiff's request for attorney fees and costs.[3]

## IV. Conclusion

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation and the parties' submissions, this Court hereby adopts Magistrate Judge Dickson's Report and Recommendation dated August 20, 2012, including the findings of fact and conclusions of law therein, and thus grants Plaintiff's motion to remand.

---

[3] Defendants argue that Plaintiff's declaration should be stricken as "immaterial, impertinent, and falsely scandalous." (Defs.' Opp. to R&R 4.) Defendants also point to alleged foreign assets and entities owned by Plaintiff. (*Id.* at 3-4.) Because the Court does not rely on Plaintiff's declaration in reaching its decision, and does not find Defendants' additional arguments relevant to the legal standards for remand, the Court need not address these issues.

An appropriate Order accompanies this Opinion.

Dated: September 26, 2012

                                                                                                                      _____
HON. CLAIRE C. CECCHI
United States District Judge